UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

SHANE VILLARINO, an individual,
LAURA J. JOHNSON, an individual,
On behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

KENNETH JOEKEL, an individual;
MARC PLOTKIN, an individual;
PACESETTER PERSONNEL SERVICE, INC.,
A Texas profit corporation;
PACESETTER PERSONNEL SERVICE OF
FLORIDA, INC., a Florida profit corporation;
FLORIDA STAFFING SERVICE, INC.,
A Florida profit corporation; and
TAMPA SERVICE COMPANY, INC.,
 A Florida profit corporation, each d/b/a/ PACESETTER;
PACESETTER PERSONNEL;
PACESETTER PERSONNEL SERVICE;
PACESETTER PERSONNEL SERVICES;
PACESETTER PERSONNEL SERVICES, LLC;
PPS; and/or FW SERVICES;

    Defendants.
_____/

**CLASS REPRESENTATION**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Pacesetter Personnel Service, Inc., Pacesetter Personnel Service of Florida, Inc., Florida Staffing Service, Inc., and Tampa Service Company, Inc., (collectively, "Corporate Defendants"), submit this Notice of Removal of the state court action described below to this Court.

## BACKGROUND

1.    Plaintiffs SHANE VILLARINO and LAURA JOHNSON, on behalf of themselves and all others similarly situated ("Plaintiffs"), instituted this action in the Seventeenth Judicial Circuit

Court in and for Broward County, Florida on March 23, 2023, as Case No. CACE-23-010725 against Corporate Defendants and individual defendants Kenneth Joekel and Marc Plotkin.

2. Corporate Defendants were served with the Summons and Complaint on or about April 27, 2023.

3. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

4. No further proceedings have occurred in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as of the date of this filing, other than a Motion for Extension to respond to Plaintiffs' Complaint, filed on May 17, 2023.

5. All pleadings served on Corporate Defendants or filed in this action at the time of removal are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a). *See* **Exhibit A**.

6. This court has jurisdiction over this matter under 28 U.S.C. § 1332 (d) because this is a class action in which the amount in controversy exceeds $5,000,000 in aggregate and a Corporate Defendant is a citizen of a state different from any one Plaintiff.

## CLASS ACTION WITH MINIMAL DIVERSITY AND AMOUNT IN CONTROVERSY ABOVE $5,000,000

7. 28 U.S.C. § 1441(a) provides, in relevant part, that any action over which this Court has original jurisdiction may be removed by the defendant to the appropriate district court of the United States. 28 U.S.C. § 1332(d) states that district courts shall have original jurisdiction over a class action where the amount in controversy exceeds $5,000,000 in aggregate and any member of a class of plaintiffs is a citizen of a State different from any defendant.

8. Here, Plaintiffs allege that they are citizens and residents of the State of Florida. (Compl., ¶ 6.)

9. Corporate Defendant PACESETTER PERSONNEL SERVICE, INC., is a Texas profit corporation with its corporate base of operations located at 3203 West Alabama Street, Houston, Texas, 77098.

10. Corporate Defendant PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., is a Texas profit corporation with its corporate base of operations ostensibly located at 3203 West Alabama Street, Houston, Texas, 77098.

11. Corporate Defendant FLORIDA STAFFING SERVICE, INC., is a Florida profit corporation with its corporate base of operations ostensibly located at 3203 West Alabama Street, Houston, Texas, 77098.

12. Corporate Defendant TAMPA SERVICE COMPANY, INC., is a Florida profit corporation with its corporate base of operations ostensibly located at 3203 West Alabama Street, Houston, Texas, 77098.

13. Thus, for purposes of 28 U.S.C. § 1332(d), diversity of citizenship exists between Plaintiffs and Corporate Defendants.

**AMOUNT IN CONTROVERSY**

14. Plaintiff's Complaint alleges failure to provide bathroom facilities to Class members at a now-closed Commercial Boulevard labor hall between January 29, 2016, and the location's closure in February 2021. (Compl., ¶ 70.) Plaintiffs allege that the class size exceeds 3,800 individuals. *Id.* at ¶ 72. Plaintiffs allege that each violation results in consequential damages or penalties of $1,000, whichever is greater. *Id*. at ¶ 92. With only two violations per alleged class member, the amount in controversy easily exceeds $5,000,000. Because the sum of requested damages in a complaint constitutes the amount in controversy for jurisdiction purposes under 28 U.S.C. § 1446(c)(2), the amount in controversy requirement of 28 U.S.C. § 1332(d) is satisfied.

**REMOVAL IS PROPER**

15. As set forth above, this action is one over which the Court has jurisdiction, pursuant to 28 U.S.C. § 1332, based on the action being a class action with minimal diversity of citizenship and an amount in controversy over $5,000,000, and this action may be removed to this Court by Corporate Defendants pursuant to 28 U.S.C. §§ 1441 and 1446.

16. This case is being removed to the United States District Court for the Southern District of Florida because this district encompasses the state court from which this case is removed: The Seventeenth Judicial Circuit Court in and for Broward County, Florida. *See* 28 U.S.C. § 89(c).

**NOTICE**

17. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, through their attorneys, pursuant to 28 U.S.C. § 1446(d). A copy of Corporate Defendant's Notice to the Circuit Court of Filing Notice of Removal is attached as **Exhibit B**. A duplicate copy of this notice of removal will be filed with the Clerk of the Broward County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

18. By filing this Notice of Removal, Corporate Defendants do not waive any defenses, rights, or objections; nor do Corporate Defendants concede that the allegations in the Complaint state a valid claim under applicable law; nor do Corporate Defendants waive any defenses, rights, or objections by parties other than Corporate Defendants.

**WHEREFORE,** Corporate Defendants remove the above-captioned case to the United States District Court for the Southern District of Florida.

Dated:  May 26, 2023	Respectfully submitted,

**By: Ronald J. Tomassi, Jr.**
Derek E. León, Esq.
 Florida Bar No. 625507
Ronald J. Tomassi, Jr.
 Florida Bar No. 29751
Email: dleon@leoncosgrove.com
Email: rtomassi@leoncosgrove.com

**LEÓN COSGROVE JIMÉNEZ, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone:  305.740.1975
*Counsel for Corporate Defendants*