Case Number: CACE-23-010725 Division: 08
Filing # 169478660 E-Filed 03/23/2023 01:08:39 PM
Case 0:23-cv-61003-KMM   Document 1-2   Entered on FLSD Docket 05/26/2023   Page 1 of 17

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.

SHANE VILLARINO, an individual,
LAURA J. JOHNSON, an individual,
on behalf of themselves and all others similarly situated,

    Plaintiffs,                                   **CLASS REPRESENTATION**

v.

KENNETH JOEKEL, an individual;
MARC PLOTKIN, an individual;
PACESETTER PERSONNEL SERVICE, INC.,
a Texas profit corporation;
PACESETTER PERSONNEL SERVICE OF
FLORIDA, INC., a Florida profit corporation;
FLORIDA STAFFING SERVICE, INC.,
a Florida profit corporation; and,
TAMPA SERVICE COMPANY, INC.,
a Florida profit corporation
each d/b/a PACESETTER;
PACESETTER PERSONNEL;
PACESETTER PERSONNEL SERVICE;
PACESETTER PERSONNEL SERVICES;
PACESETTER PERSONNEL SERVICES, LLC;
PPS; and/or FW SERVICES;

    Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiffs, SHANE VILLARINO and LAURA J. JOHNSON, (hereinafter "Plaintiffs"), by and through their undersigned counsel, on their own behalf and on behalf of others similarly situated, allege, with personal knowledge as to their own actions, and upon information and belief as to those of others, as follows:

1

## NATURE OF THE ACTION

1. The Florida Labor Pool Act of 1995, §448.20 *et seq.*, (the "Labor Pool Act," "FLPA" or the "Act"), was enacted in 1995 as an important and remedial statute intended to end appalling and shameful historical abuses of day laborers by labor pool companies, including, *inter alia,* not providing drinking water and bathroom facilities to these workers (§448.24(5)); charging them for drinking water, and for the use of basic safety equipment and the very tools required to perform the work assigned; and overcharging these workers for transportation to and from worksites. *See* §448.21. ("The Legislature finds that this part is necessary to provide for the health, safety, and well-being of day laborers throughout the state and to establish uniform standards of conduct and practice for labor pools in the state . . .").

2. Among its mandates, the Act requires that all Florida labor halls must have drinking water and basic bathroom facilities available on site to day laborers seeking and/or accepting employment at a labor hall:

> (5) *A labor pool that operates a labor hall must provide facilities for a worker waiting at the labor hall for a job assignment that include:*
>
> (a) *Restroom facilities.*
>
> (b) *Drinking water.*

§448.24(5).

3. This action is brought on behalf of Plaintiff and all those similarly situated who were employed by Defendants as "unskilled" general laborers or "day laborers" at Defendants' now closed labor hall facility located at 381 East Commercial Boulevard, Fort Lauderdale, Florida

33334 (the "Commercial Boulevard labor hall") between January 29, 2016 and the location's closure in February, 2021 (the "Relevant Time Period").[1]

4. During the Relevant Time Period, Defendants failed to provide drinking water and bathroom facilities to Plaintiffs and over 3,800 other similarly situated day laborers who worked out of Defendant's Commercial Boulevard labor hall during the Relevant Time Period.

5. Thus, this Complaint brings causes of action against Defendants under sections 448.24(5)(a) and (b) of the FLPA and seeks class status as to these claims.

## JURISDICTION AND VENUE

6. The Named Plaintiffs at all times relevant were and currently are residents and citizens of the State of Florida.

7. Defendant KENNETH JOEKEL is a citizen of Texas and principal and operator of the corporate Defendants and the subject labor hall.

8. Defendant MARC PLOTKIN is a citizen of Texas and an operator of the corporate Defendants and the subject labor hall.

9. Defendant PACESETTER PERSONNEL SERVICE, INC. is a Texas profit corporation.

10. Defendants PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., FLORIDA STAFFING SERVICE, INC., and TAMPA SERVICE COMPANY, INC., are all Florida profit corporations.

---

[1] It is Plaintiffs' contention that while the FLPA generally is subject to a 4-year statute of limitations, Plaintiffs' FLPA claims accrue from January 29, 2016 forward because their claims were tolled during the pendency of a federal court case styled, *Villarino v. Personal Service, Inc. et al.,* U.S. Southern Dist. Fla. Case No. 20-cv-60192-AHS. Plaintiffs' FLPA claims were at issue in *Villarino* until the *Vallarino* court declined supplemental jurisdiction to hear Plaintiffs' state law claims after more than three (3) years of litigation.

3

11. Defendants operate collectively under the d/b/a of "PACESETTER" (Defendants hereinafter collectively referred to as "Pacesetter") and at all times material conducted and continue to conduct substantial business in the state of Florida and in Broward County, Florida. *See https://pps.com* (last visited March 23, 2023).

12. The Court has jurisdiction over this dispute because this Complaint asserts claims under a Florida statute and seeks damages in excess of $50,000.00, exclusive of interest, costs and attorneys' fees.

13. Venue is proper in this Court as the causes of action accrued in Broward County, Florida, where Plaintiffs worked for Defendants.

## CONDITIONS PRECEDENT

14. Plaintiffs have complied with all conditions precedent to bringing this action, if any, or such conditions have been waived.

## PARTIES and COVERAGE

15. The Plaintiffs and those similarly situated to them are *sui juris* adult individuals who are current or former employees of Defendants who worked for Defendants as general "unskilled" laborers or day laborers at Defendants' now closed labor hall facility, the Commercial Boulevard labor hall, during the Relevant Time Period.

16. At times relevant hereto, Plaintiffs and those similarly situated provided temporary labor or employment to Defendants to complete temporary assignments.

17. Defendant PACESETTER PERSONNEL SERVICE, INC. is a Texas profit corporation headquartered at 3203 West Alabama Street, Houston, Texas 77098.

18. At all times relevant and currently Defendant PACESETTER PERSONNEL SERVICE, INC. conducted and continues to conduct substantial business within the State of

Florida and Broward County, Florida.

19. Defendant PACESETTER PERSONNEL SERVICE OF FLORIDA, INC. is a Florida profit corporation headquartered at 3203 West Alabama Street, Houston, Texas 77098.

20. At all times relevant Defendant PACESETTER PERSONNEL SERVICE OF FLORIDA, INC. conducted and continues to conduct substantial business within the State of Florida and Broward County, Florida.

21. Defendant FLORIDA STAFFING SERVICE, INC. is a Florida profit corporation headquartered at 3203 West Alabama Street, Houston, Texas 77098 and which at all times relevant and currently conducts substantial business within the State of Florida and Broward County, Florida.

22. Defendant TAMPA SERVICE COMPANY, INC. is a Florida profit corporation headquartered at 3203 West Alabama Street, Houston, Texas 77098.

23. At all times relevant TAMPA SERVICE COMPANY, INC., conducted and continues to conduct substantial business within the State of Florida and Broward County, Florida.

24. Defendant KENNETH JOEKEL is an individual and is the 100% owner of all corporate Defendants.

25. Defendant MARC PLOTKIN is an individual and is a principal of and oversees the day-to-day management and operation of the corporate Defendants.

26. At all times relevant, all four (4) named corporate Defendants have had common ownership.

27. At all times relevant, all four (4) named corporate Defendants have had common branding and marketing, together holding themselves out to the public as "Pacesetter Personnel Services" or "Pacesetter."

28. At all times relevant, all four (4) named corporate Defendants have had common management.

29. At all times relevant, all four (4) named corporate Defendants have had common pay and employment practices and policies, specifically at all labor hall locations they operate in Florida.

30. At all times relevant, all four (4) named corporate Defendants have had a common business purpose and model.

31. At all times relevant, all four (4) named corporate Defendants have had common interrelation between operations.

32. At all times relevant, all four (4) named corporate Defendants have had common and centralized control of labor relations.

33. All Defendants, together, do business under multiple names including but not limited to the following:

> PACESETTER; PACESETTER PERSONNEL; PACESETTER PERSONNEL SERVICE; PACESETTER PERSONNEL SERVICES; PACESETTER PERSONNEL SERVICES, LLC; PPS; and/or FW SERVICES.[2]

34. At all times material, each Defendant, including the individual Defendants, constituted a "business entity" as defined by Florida Statute § 448.22(4).

35. At all times relevant, Defendants constituted a "labor pool" as defined by Florida Statute § 448.22(1).

36. At all times relevant Defendants contracted with third-party users to supply day laborers to them on a temporary basis.

---

[2] Plaintiffs reserve the right to amend their pleadings to include any other companies under which the Defendants may conduct business which may be legally considered the employers of Plaintiffs and those similarly situated.

37. At all times relevant Defendants hired, employed, recruited and/or contracted with workers to fulfill its temporary labor contracts for day labor.

38. At all times relevant Defendants fulfilled contracts for day labor in accordance with Florida Statute § 448.22.

40. At all times relevant Defendants operated a labor pool at 381 East Commercial Boulevard, Fort Lauderdale, Florida, where day laborers assembled and were dispatched to work for third-parties.

41. At all times relevant Defendants operated numerous labor pools in Florida where day laborers assembled and were dispatched to work for third-parties throughout the State of Florida.

42. At all times relevant, Defendants constituted and continue to constitute a joint enterprise and/or single integrated enterprise.

43. Defendants operate under a common scheme, plan, organization, branding, with the same principals and are otherwise intertwined or interdependent such that they create a common employer.

44. Defendants exist for the common business purpose of providing temporary, daily, and contract labor to large corporate, institutional and governmental clients.

45. The Defendants jointly hold themselves out as "Pacesetter" to the general public.

46. The corporate Defendants share common management and executive officers.

47. The corporate Defendants utilize common back office functions and personnel, including operations, billing, human resources, personnel, business development, recruiting, legal, safety, information technology, accounting, payroll, marketing, government relations, and many other functions and departments.

48. At all times relevant hereto, the corporate Defendants shared a single integrated corporate website, with the URL http://www.pps.com.

49. At all times relevant hereto, the corporate Defendants utilized a single toll-free telephone number, (855) Call-PPS.

50. At all times relevant hereto, Defendants utilized a common email to solicit new business: *info@pps.com.*

51. The corporate Defendants share a single corporate headquarters located in Houston, Texas.

52. Defendants, as part of their business, transact business in interstate commerce including transacting business with large corporate and governmental entities in multiple states on a regular and ongoing basis.

## GENERAL FACTUAL ALLEGATIONS

53. Plaintiffs are *sui juris* adult individuals who currently reside within Broward County, Florida.

54. Plaintiffs worked for Defendants as day laborers within a labor pool at the Commercial Boulevard labor hall at various times within the Relevant Class Time Period.

55. Pacesetter, though its various corporate entities and d/b/a entities, is a large personnel staffing or "temporary labor" company which operates labor pools out of labor halls in several states and is in the business of employing general "unskilled" laborers and deploying them to work for third-party corporate and governmental entity clients across the southeast United States, including in the states of Florida, Georgia, and Texas.

56. Defendants' third-party clients include large general contractors, construction companies, airports, casinos, sporting and concert venues, municipalities and other governmental

8

entities.

57.     Pacesetter has dozens of "labor hall" locations throughout the southeastern United States, including 17 locations within the state of Florida, including in Miami, Fort Lauderdale, Fort Myers, Orlando, West Palm Beach, Tampa, Daytona Beach and Jacksonville.

### **Defendants' Violations of the FLPA at the Commercial Boulevard Labor Hall**

58.     In response to a long history of appalling worker abuses committed by labor pools companies engaged in the employment of "day" laborers, Florida enacted the Florida Labor Pool Act in 1995.

59.     Within the meaning of the FLPA, Defendants operated a "labor pool" out of its now closed Commercial Boulevard "labor hall" during the Relevant Class Time Period.

60.     During their employment with Defendants, Plaintiffs and others similarly situated constituted "day labor" within the meaning of the FLPA.

61.     At all times relevant hereto Defendants did and continue to operate a "labor pool" and/or a "labor hall" as defined by the FLPA.

62.     Plaintiffs and others similarly situated are both "employees" covered by the FLSA, and "day" laborers within the protections of the FLPA.

63.     Defendants violated the FLPA at the Commercial Boulevard labor hall and during the Relevant Class Time Period by routinely and nearly continuously:

- Failing to provide workers with restroom facilities at a labor hall;
- Failing to provide workers with drinking water at a labor hall.

64.     Plaintiffs have been injured and/or harmed by Defendants' failure to provide restroom facilities because they have suffered shame and humiliation and have had to relieve themselves outdoors in public next to Pacesetter's labor hall, by virtue of its failure to provide adequate bathroom

9

facilities.

65. Plaintiffs have also been injured and/or harmed because they were required to purchase items at stores near Defendants' labor hall that they otherwise would not have purchased, solely so that they could use the restroom facilities at such stores, because Defendants failed to provide restroom facilities for its day laborers, including Plaintiffs.

66. Plaintiffs have been injured/harmed by Defendants failure to provide drinking water, because they were caused to purchase drinking water themselves, by virtue of Defendants' failure to provide same.

67. Because of the harms it was intended to address and the vulnerable class of workers it was intended to protect, the FLPA purposely provides for civil statutory penalties for each violation of the Act.

68. Plaintiffs seek their actual damages, statutory damages, as well as their reasonable attorneys' fees and costs pursuant to the FLPA.

### CLASS REPRESENTATION ALLEGATIONS

69. This action is maintainable as a class action pursuant to Florida Rules of Civil Procedure Rule 1.220, (b)(1)-(3).

70. The Class consists of Plaintiffs and all those similarly situated who were employed by Defendants as unskilled "day laborers" at Defendants' now closed Commercial Boulevard labor hall between January 29, 2016 and the location's closure in February, 2021 (the "Relevant Class Time Period").

71. The Class is so numerous that joinder of all members is impracticable.

72. The number and identity of class members may be determined by Defendants' records, but the class size exceeds 3,800 individuals.

73. There are substantial questions of fact and law common to Plaintiff and all class members, including, *inter alia*, whether Defendants had adequate drinking water and bathroom facilities available to these workers at the Commercial Boulevard labor hall during the Relevant Time Period, as required by the FLPA.

74. The claims of Plaintiffs are typical of the Class as their claims are the exact claims that other members of the Class will have.

75. Plaintiffs will fairly and adequately protect the interests of the Class. Their claims span the breadth of issues raised in this action.

76. Class representatives' counsel are appropriately qualified to represent the Class.

77. Joinder of class members' individual actions is impractical because of the limited ability of individual class members to institute separate suits and the general nature of the underlying action and relief sought.

78. The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

79. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

80. Defendants' liability for damages can be established by facts and circumstances common to the Class as a whole and does not require the examination of the Plaintiffs' individual circumstances.

81. Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

82. A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because: (A) the common interests of the class members

predominate over any individual interest in controlling prosecution or control of separate actions; (B) no similar litigation between the parties concerning the controversy is known to be pending by members of the Class; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient resolution of the issues raised in the state where the offending conduct occurred, continues to occur, and could occur in the future; and (D) there will be no significant difficulties in managing an action involving this Class.

Accordingly, the members of the proposed class are properly defined as:

> **All "day laborer"/ labor pool workers who worked for Defendants through Defendants' now closed labor hall facility located at 381 East Commercial Boulevard, Fort Lauderdale, Florida 33334 (the "Commercial Boulevard labor hall") between January 29, 2016 and the location's closure in February, 2021 (the "Relevant Time Period").**

83. Undersigned counsel currently represent well over 250 other individuals similarly situated to Plaintiffs who would wish to be part of the class action were such a class to be certified by this Court.

84. Additionally, undersigned counsel know that there are at least 3,500 more individuals who fall within the proposed Class.

85. Named Plaintiffs have retained the undersigned legal counsel to prosecute this action on their behalf and on behalf of all other similarly situated employees, and have agreed to pay undersigned counsel a reasonable fee for counsel's work and representation.

86. Undersigned counsel will be entitled to recover reasonable attorneys' fees and costs if either Plaintiffs and/or any other similarly situated employees prevail in this action.

87. Excluded from both the proposed class are all judges who have presided over this case, their spouses, and anyone within three degrees of consanguinity from such judge and/or his or her spouse.

## COUNT I
## VIOLATIONS OF THE FLORIDA LABOR POOL ACT,
### *FLORIDA STATUTES* §448.20 *et seq.*
### §448.24(5)(a) - (Restroom Facilities)
### (Rule 1.220 class action as to Plaintiffs and others similarly situated who worked at Defendants' Commercial Boulevard Labor Hall During The Relevant Class Time Period And Were Not Provided With Restroom Facilities)

88.  Plaintiffs reincorporate, re-aver and re-adopt all allegations contained within Paragraphs 1-87 above.

89.  Plaintiffs and those similarly situated are "day" laborers as defined by the FLPA and entitled to its protections.

90.  Among these protections provided for by the FLPA are that:

> *(5) A labor pool that operates a labor hall must provide facilities for a worker waiting at the labor hall for a job assignment that include:*
>
> > *(a) Restroom facilities.*
> > *(b) Drinking water.*

§448.24(5).

91.  Defendants violated the FLPA at the Commercial Boulevard labor hall and during the Relevant Class Time Period by routinely:

- Failing to provide workers with restroom facilities at a labor hall.

92.  Due to the above intentional, willful, and unlawful acts of Defendants, Plaintiffs and others similarly situated have suffered statutory damages under the FLPA. Pursuant to Section 448.25(1) Plaintiffs and the FLPA class are individually "entitled to recover actual and consequential damages, or $1,000, whichever is greater, for each violation of this part, and costs."

93.  Additionally, Plaintiffs and those similarly situated have suffered not just statutory, but tangible concrete injuries in fact by Defendants' actions.

94.  Specifically, as a result of Defendants' failure provide restroom facilities resulted in Plaintiffs:

13

- suffering the inconvenience, embarrassment, indignity and humiliation of having to relieve themselves outside on and near Pacesetter's Commercial Boulevard labor hall premises;

- suffering the physical discomfort and emotional indignity of having to "hold it" and not being able to relieve their bladders and/or bowels while at Pacesetter's Commercial Boulevard labor hall;

- being forced to purchase items that they would not otherwise purchase at nearby convenience and drug stores in order to use the restroom at those stores;

- being deprived on a daily basis of the protections of the FLPA with respect to restroom facilities.

95. Additionally, as a result of Defendants' intentional, willful and unlawful violations of the FLPA, Plaintiffs and those similarly situated employees have suffered statutory damages of $1,000 per violation, per individual, plus incurring reasonable attorneys' fees and costs.

96. Under the FLPA and Florida law, Plaintiffs and the Class are entitled to: injunctive relief, the recovery of the full amount of compensatory damages owed, statutory damages, costs, attorneys' fees, and to any other relief which this Court deems just and proper.

**WHEREFORE,** Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order certifying this case as a class action in accordance with Florida Rule of Civil Procedure Rule 1.220, (b)(1)-(3) with the respect to the claims contained in this Complaint and seek an eventual entry of a judgment against Defendants for statutory and actual damages as provided for under the Florida Labor Pool Act, *Florida Statutes* §448.20 *et seq.*, including, but not limited to: statutory damages of $1,000 per violation, per class member; actual and compensatory

damages, pre- and post-judgment interest at the highest legal rate; and recovery of reasonable attorneys' fees and costs associated with the bringing of this action, along with any other affirmative and/or equitable relief this Honorable Court deems just under the circumstances.

<u>**COUNT II**</u>
<u>**VIOLATIONS OF THE FLORIDA LABOR POOL ACT,**</u>
<u>***FLORIDA STATUTES* §448.20 *et seq.***</u>
<u>**§448.24(5) (b) - (Drinking Water)**</u>
<u>**(Rule 1.220 class action as to Plaintiffs and others similarly situated who worked at Defendants' Commercial Boulevard Labor Hall During The Relevant Class Time Period And Were Not Provided With Drinking Water)**</u>

97. Plaintiffs reincorporate, re-aver and re-adopt all allegations contained within Paragraphs 1-87 above.

98. Plaintiffs and those similarly situated are "day" laborers as defined by the FLPA and entitled to its protections.

99. Among these protections provided for by the FLPA are that:

> *(5) A labor pool that operates a labor hall must provide facilities for a worker waiting at the labor hall for a job assignment that include:*
>
> > *(a) Restroom facilities.*
> > *(b) Drinking water.*

§448.24(5).

100. Defendants violated the FLPA at the Commercial Boulevard labor hall and during the Relevant Class Time Period by routinely:

- Failing to provide workers with drinking water at a labor hall.

101. Due to the above intentional, willful, and unlawful acts of Defendants, Plaintiffs and others similarly situated have suffered statutory damages under the FLPA. Pursuant to Section

15

448.25(1) Plaintiffs and the FLPA class are individually "entitled to recover actual and consequential damages, or $1,000, whichever is greater, for each violation of this part, and costs."

102. Additionally, Plaintiffs and those similarly situated have suffered not just statutory, but tangible concrete injuries in fact by Defendants' actions.

103. Specifically, as a result of Defendants' failure provide restroom facilities resulted in Plaintiffs:

- suffering thirst, discomfort and dehydration from not having drinking water while at the Commercial boulevard labor hall;
- being forced to purchase water from convenience and drug stores near the labor hall;
- suffering the inconvenience, embarrassment, indignity and humiliation of not being provided a humane working environment with drinking water.

104. Additionally, as a result of Defendants' intentional, willful and unlawful violations of the FLPA, Plaintiffs and those similarly situated employees have suffered statutory damages of $1,000 per violation, per individual, plus incurring reasonable attorneys' fees and costs.

105. Under the FLPA and Florida law, Plaintiffs and the Class are entitled to: injunctive relief, the recovery of the full amount of compensatory damages owed, statutory damages, costs, attorneys' fees, and to any other relief which this Court deems just and proper.

**WHEREFORE,** Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order certifying this case as a class action in accordance with Florida Rule of Civil Procedure Rule 1.220, (b)(1)-(3) with the respect to the claims contained in this Complaint and seek an eventual entry of a judgment against Defendants for statutory and actual damages as

provided for under the Florida Labor Pool Act, *Florida Statutes* §448.20 *et seq.*, including, but not limited to: statutory damages of $1,000 per violation, per class member; actual and compensatory damages, pre- and post-judgment interest at the highest legal rate; and recovery of reasonable attorneys' fees and costs associated with the bringing of this action, along with any other affirmative and/or equitable relief this Honorable Court deems just under the circumstances.

## JURY DEMAND

The Plaintiffs, on behalf of themselves and others similarly situated and on behalf of prospective class action members, demand a trial by jury on all issues so triable.

**DATED:**   March 23, 2023                                 Respectfully filed,
          Boca Raton, Florida

                                          BY:   *s/Dion J. Cassata*
                                                  Dion J. Cassata, Esq.
                                                  Fla. Bar No. 672564
                                                  *dion@cassatalaw.com*

CASSATA LAW, PLLC
Boca Crown Centre
7999 North Federal Highway, Suite 202
Boca Raton, Florida 33487

Telephone:   (954) 364-7803


BY: *s/Andrew R. Frisch*
      Andrew R. Frisch, Esq.
      Fla. Bar No. 27777
      *afrisch@forthepeople.com*

MORGAN & MORGAN, P.A.
8151 Peters Road, 4th Floor
Plantation, FL 33324

Telephone:   (954) WORKERS
Facsimile:   (954) 327-3013

*Counsel for Plaintiffs and the Class*

17