UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: 23-cv-61003-KMM

SHANE VILLARINO, an individual,
LAURA J. JOHNSON, an individual,
on behalf of themselves and all others similarly situated,

     Plaintiffs,

v.

KENNETH JOEKEL, an individual;
MARC PLOTKIN, an individual;
PACESETTER PERSONNEL SERVICE, INC.,
a Texas profit corporation;
PACESETTER PERSONNEL SERVICE OF
FLORIDA, INC., a Florida profit corporation;
FLORIDA STAFFING SERVICE, INC.,
a Florida profit corporation; and,
TAMPA SERVICE COMPANY, INC.,
a Florida profit corporation
each d/b/a PACESETTER;
PACESETTER PERSONNEL;
PACESETTER PERSONNEL SERVICE;
PACESETTER PERSONNEL SERVICES;
PACESETTER PERSONNEL SERVICES, LLC;
PPS; and/or FW SERVICES;

     Defendants.
_____/

## MOTION TO REMAND
## AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, SHANE VILLARINO and LAURA JOHNSON (hereinafter "Plaintiffs"), by and through their undersigned counsel, file this Motion to Remand this action back to the Seventeenth Judicial Circuit Court in and for Broward County, Florida, and as grounds therefore state:

1

## SUMMARY OF THE ARGUMENT

The corporate Defendants removed the instant action from the Seventeenth Judicial Circuit Court in and for Broward County, Florida, citing 28 U.S.C. § 1332 (d) ("Class Action Fairness Act" or "CAFA")) as the sole basis for removal. *Defendants' Notice of Removal* at 2 [DE 1].

However, another federal court previously decertified the same class action this suit seeks to bring, specifically holding that the class claims brought cannot be maintained as a class in federal court due to Article III jurisdictional standing concerns, and dismissed the individual claims after declining to exercise supplemental jurisdiction. *Villarino, et. al., v. Pacesetter Personnel Service, Inc., et. al.,* Case No. 1:20-cv-60192-AHS, S.D. Fla., J. Singhal., *February 10, 2023 Order Decertifying Class,* [DE 680], attached hereto as **EXHIBIT 1**; *February 24, 2023 Order of Dismissal* [DE 688], attached hereto as **EXHIBIT 2.** Defendants chose not to appeal those decisions and thus they may not collaterally attack these prior orders here.  Pursuant to the doctrine of issue preclusion, this Court is bound to defer to this previous determination that, irrespective of whether CAFA criteria are met, the class claims may not be maintained in federal court because each worker must separately demonstrate Article III jurisdictional standing (a concern not applicable in state court).

Moreover, the CAFA criteria cannot be met as a matter of law, because this case may not be maintained as a class action in federal court per Judge Singhal's prior orders.  Thus, by definition, there is no class let alone a class of 100 or more people.  Likewise, the individual damages of the two (2) individual Plaintiffs do not come close to the $5,000,000 threshold required by CAFA.  For these reasons as well, the corporate Defendants cannot meet their burden to demonstrate that this Court has jurisdiction under CAFA.

As such, Defendants may not rely on CAFA to create jurisdiction before this Court.  Thus, the instant action is due to be remanded back to Broward County Circuit Court.

## RELEVANT BACKGROUND

1. On May 26, 2023 the corporate Defendants filed a Notice of Removal [DE 1], removing the instant action from the Seventeenth Judicial Circuit Court in and for Broward County, Florida (Broward Circuit Court Case No. CACE-23-010725).[1] A copy of the operative complaint is attached as Exhibit 2 to Defendants' Notice of Removal.

2. Defendants' Notice of Removal invokes 28 U.S.C. § 1332 (d) (otherwise known as a portion of the Class Action Fairness Act of 2005 ("CAFA")) as the jurisdictional basis for removal. *Defendants' Notice of Removal* at 2 [DE 1].

3. The instant action was filed in Broward Circuit Court on March 23, 2023 and brings class claims arising solely under state law, specifically the Florida Labor Pool Act of 1995, §448.20 *et seq*., (the "Labor Pool Act," "FLPA" or the "Act").

4. The class claims brought in the operative complaint were originally part of another federal case, *Villarino, et. al., v. Pacesetter Personnel Service, Inc., et. al.,* Case No. 1:20-cv-60192-AHS, S.D. Fla., J. Singhal ("*Villarino I*") (closed pending appeal).

**5.** Specifically, the FLPA causes of action and proposed classes brought in the instant case at bar originally comprised Count IV of *Villarino I*. The operative complaint in that case is attached hereto as **EXHIBIT 3.**

6. After over three (3) years of litigation in *Villarino I*, Judge Singhal (after initially certifying Plaintiffs' FLPA claims as a Rule 23 class) determined that the FLPA classes at issue here, could not be maintained in federal court due to Article III standing concerns.[2] *Villarino, et.*

---

[1] The two individual Defendants, Kenneth Joekel and Marc Plotkin, did not join in the Notice of Removal and had not yet been served with the state court action at the time of removal.

[2] For the purposes of the instant Motion, Plaintiffs express no opinion about whether they agree with Judge Singhal's determination on this issue.

*al., v. Pacesetter Personnel Service, Inc., et. al.,* Case No. 1:20-cv-60192-AHS, S.D. Fla., *February 10, 2023 Order De-certifying Class,* [DE 680], see **EXHIBIT 1**.

7. Specifically, Judge Singhal held: "In reviewing the class definition and the parties' arguments, the Court has also identified a more fundamental issue: Article III standing." *Id.* at 2. "It is simply impossible for the Article III standing requirement to be established on a class-wide basis. Accordingly, it is hereby ORDERED AND ADJUDGED that Defendants' Motion to Decertify Class Action (DE [646]) is GRANTED." *Id.* at 3.

8. Two weeks after he decertified the FLPA classes, Judge Singhal dismissed the FLPA class claims in their entirety without prejudice and declined to exercise jurisdiction over the FLPA claims. *February 24, 2023 Order of Dismissal* [DE 688], see **EXHIBIT 2.** Judge Singhal reasoned that "the discovery already produced can be used in state court," (*Id.* at 2) and that "federalism concerns 'of federal courts of limited jurisdiction weighing in on state law' tip the factors in favor of dismissing [Plaintiffs' FLPA] state law claim[s]." *Id.* at 3.

9. Judge Singhal reached this conclusion notwithstanding the fact that the operative complaint in *Villarino I* had asserted CAFA jurisdiction as a basis for federal jurisdiction over the state law FLPA claims.[3]

10. Defendants did not appeal the Order decertifying the FLPA class or the Order dismissing the FLPA claims and declining to exercise supplemental jurisdiction. *See Villarino I* Docket, generally.

---

[3] "This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2) because the amount in controversy exceeds $5,000,000 and the requisite "minimal diversity" is satisfied as numerous members of the proposed class are currently citizens of a state different from that of Defendants. *Corrected First Amended Complaint* [DE 152, ¶7].

## MEMORANDUM OF LAW

### A. Legal Standard.

"It is axiomatic that federal courts are courts of limited jurisdiction." *Ramirez v. Humana, Inc.*, 119 F. Supp. 2d 1307, 1308 (M.D. Fla. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Removal to federal court is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See Id.* § 1332(a). The removing party has the burden of showing that removal from state court to federal court is proper. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5 (2003).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a), 1446. "Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (*citing* 28 U.S.C. §§ 1331, 1332). "Removal is a matter of federal right," but on a motion to remand, " 'ambiguities are generally construed against removal.' " *Butler v.*

5

*Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979); *see Whitt*, 147 F.3d at 1329; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

CAFA "broadens diversity jurisdiction by establishing lower threshold requirements for certain class actions." *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1193 (11th Cir. 2007). "CAFA grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)–(6)).

While subject matter jurisdiction is triggered where CAFA jurisdictional requirements are met, CAFA in no way negates the threshold Article III standing requirement under the United States Constitution. " '[S]tanding is perhaps the most important jurisdictional doctrine, and, as with any jurisdictional requisite, we are powerless to hear a case when it is lacking.' " *Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.,* 925 F.3d 1205, 1216 (11th Cir. 2019) (quoting *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005)).

### B. This Court is Bound By Judge Singhal's Prior Ruling That Article III Standing is Lacking.

Because another federal court (*Villarino I*) has already ruled that federal Article III standing is lacking with respect to the state law class claims at bar and this action indeed belongs in state court, the doctrine of issue preclusion warrants that this Court may not revisit the issue.

The general principle of *res judicata* prevents the relitigation of issues and claims already decided by a competent court. "Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel." *Comm'r of Internal Revenue v. Sunnen,* 333 U.S. 591, 598, 68 S. Ct. 715, 92 L. Ed. 898 (1948). *Res judicata* comes in two forms: claim preclusion (traditional

"*res judicata*") and issue preclusion (also known as "collateral estoppel"). *See id.* at 597-98. "While claim preclusion bars "repetitious suits involving the same cause of action," *Sunnen,* 333 U.S. at 597 (emphasis added); accord *Cromwell v. Cnty. of Sac,* 94 U.S. 351, 352, 24 L. Ed. 195 (1876), issue preclusion precludes the re-adjudication of the same issue, where the issue was actually litigated and decided in the previous adjudication, even if it arises in the context of a different cause of action." *Cmty. State Bank v. Strong,* 651 F.3d 1241, 1264-64 (11th Cir. 2011).

The doctrine of collateral estoppel/ issue preclusion may be asserted by either a plaintiff or a defendant. *Deweese v. Town of Palm Beach,* 688 F.2d 731, 733 (11th Cir. 1982). "Offensive collateral estoppel," (which Plaintiffs seek to enforce here), is the situation wherein a plaintiff prevents a defendant from relitigating an issue that the defendant lost in a prior case. *Id.* The doctrine of collateral estoppel, or issue preclusion, may be asserted when: (1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior action; (3) determination of the issue was a critical and necessary part of a judgment or meaningful determination in the prior litigation; and (4) the party against whom the prior decision is asserted had a full and fair opportunity to litigate the issue in the prior action." *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.,* 327 F.3d 1309, 1317 (11th Cir. 2003) (quoting *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986)).

As all four (4) of these factors are met here, this Court is obliged to honor the principles of issue preclusion and defer to Judge Singhal's determination that federal Article III jurisdiction is lacking as to the class claims brought by Plaintiffs, and this action therefore properly belongs in state court.

### C. **CAFA Does Not Negate Article III Standing Requirements.**

Here, because Judge Singhal previously held that Article III standing was lacking for the classes asserted, CAFA cannot negate this finding.[4] *Randy Rosenberg, D.C., P.A. v. Geico Indem. Co.,* 2019 WL 3817458, at *4 (S.D. Fla. Aug. 14, 2019)[5] (Bloom, J.) ("Subject matter jurisdiction is triggered where CAFA jurisdictional requirements are met, but CAFA in no way negates the Article III standing requirement under the United States Constitution."). As such, the case is due to be remanded.

Removal permits a defendant to bring to federal court a suit initially filed in state court— *if* the federal court could have exercised original jurisdiction in the first instance. 28 U.S.C. § 1441(a), (b). Removal is a powerful tool: It operates largely automatically in that once a defendant has filed the appropriate notice of removal in the federal district court removal is a *fait accompli*. §§ 1446(a), 1447(a), (b).

In an ordinary removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." § 1447(c) (emphasis added). No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). Moreover, the district court generally *must* remand the case to

---

[4] *See Bender v. Williamsport Area School District,* 475 U.S. 534, 541-42, 106 S.Ct. 1326, 1331-32, 89 L.Ed.2d 501 (1986) (standing is jurisdictional question); *Heckler v. Mathews,* 465 U.S. 728, 738, 104 S.Ct. 1387, 1394, 79 L.Ed.2d 646 (1984) (standing inquiry rests on Article III "case or controversy" requirement). Hence, the literal words of the statute, saying that the case "shall" (not "may") be remanded, require the court to remand the case. *See Langford v. Gates,* 610 F.Supp. 120, 122-23 (D.C.Cal.1985) (lack of standing is a jurisdictional defect, and "the proper course is remand" under § 1447(c), "not dismissal").

[5] Notably, in *Randy Rosenberg, D.C., P.A.,* the court also rejected the defendants' argument that remand was unwarranted because plaintiff had violated the rule against splitting causes of actions, as asserted by Defendants in their Motion to Dismiss here. 2019 WL 3817458, at *4.

state court, rather than dismiss it. *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410-11 (11th Cir. 1999). Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989).

The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case. *Polo v. Innoventions Int'l, LLC,* 833 F.3d 1193, 1196 (9th Cir. 2016), citing § 1453(c)(1) ("Section 1447 shall apply to any removal of a case under [CAFA], except ... section 1447(d)...."), citing *Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Human Servs.*, 876 F.2d 1051, 1053–54 (1st Cir. 1989); *Topalli v. PetSmart, LLC*, 2023 WL 2928301, at *2 (M.D. Fla. Apr. 13, 2023) (remanding case removed under CAFA, because Article III standing was lacking).[6]

### D.  The Two Named-Plaintiffs Alone Do Not Satisfy CAFA Criteria.

Because of Judge Singhal's prior Order, this case necessarily cannot be maintained as a class action in federal court. Thus, any CAFA analysis pertains solely to the claims of the two Named-Plaintiffs alone. Obviously, the two Named-Plaintiffs do not compose a class of 100 or more individuals. Likewise, the individual claims of the Named-Plaintiffs do not exceed CAFA's $5,000,000 threshold. For these reasons as well the Defendants cannot meet their burden to demonstrate CAFA jurisdiction.

---

[6] Defendants, who bear the burden of establishing standing as the party seeking to invoke federal jurisdiction, *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1221–22 (S.D. Fla. 2020), have not done and cannot do so.

In sum, Judge Singhal previously held that Article III was lacking with respect to the instant FLPA class claims. While state courts are not bound by Article III, this Court certainly is. Because another federal court has already found that federal Article III standing is lacking with regard to the class claims asserted here, this Court is bound to remand the case.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter an Order remanding this matter back to Broward County Circuit Court and for any and all other relief this Court deems just and proper, including an award of reasonable attorneys' fees and costs pursuant to 28 U.S.C. §1447(c).

## CERTIFICATE OF CONFERRAL

Plaintiffs' counsel have conferred with Defendants' counsel regarding the relief requested in this Motion, and have been authorized to represent that Defendants <u>oppose</u> the relief requested herein.

**DATED:**  June 14, 2023
Boca Raton, Florida

Respectfully filed,

BY: *s/Dion J. Cassata*
    Dion J. Cassata, Esq.
    Fla. Bar No. 672564
    *dion@cassatalaw.com*

CASSATA LAW, PLLC
Boca Crown Centre
7999 North Federal Highway, Suite 202
Boca Raton, Florida 33487

Telephone:  (954) 364-7803

BY: *s/Andrew R. Frisch*
    Andrew R. Frisch, Esq.
    Fla. Bar No. 27777
    *afrisch@forthepeople.com*

        MORGAN & MORGAN, P.A.
        8151 Peters Road, 4th Floor
        Plantation, FL 33324

        Telephone:   (954) WORKERS
        Facsimile:    (954) 327-3013

        *Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this June 14, 2023, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive notices of electronic filing.

        By:   *s/Dion J. Cassata*
                Dion J. Cassata, Esq.
                Fla. Bar No. 672564